Howard Wollitz [SBN 58674]
Allan J. Favish [SBN 99651]
CHARLSTON, REVICH & CHAMBERLIN LLP
1925 Century Park East, Suite 1250
Los Angeles, California 90067-2746

Telephone: (310) 551-7000
Fax: (310) 203-9321
E-mail: hwollitz@crcllp.com

Attorneys for Plaintiff
The Insurance Corporation of New York

FILED
JUL 0 7 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

C 06 - 04209 PVT

| | |
|---|---|
| THE INSURANCE CORPORATION OF NEW YORK, a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> BEST DRYWALL INTERIORS, INC., a California corporation; S.B.C.C., INC., a California corporation dba South Bay Construction, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff The Insurance Corporation of New York ("INSCORP") alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

2. This Court is an appropriate venue under 28 U.S.C. § 1391(a) because the defendant Best Drywall Interiors, Inc. ("Best") resides in Alviso, California, and defendant S.B.C.C., Inc., dba South Bay Construction ("South Bay") resides in Los Gatos, California, both in Santa Clara County, in this judicial district.

3. INSCORP is a corporation incorporated under the laws of New York having its principal place of business in Connecticut.

4. Best is a corporation incorporated under the laws of California with its principal place of business in California, in Santa Clara County.

5. South Bay is a corporation incorporated under the laws of California with its principal place of business in California, in Santa Clara County.

## GENERAL ALLEGATIONS

6. Best is a construction contractor.

7. INSCORP issued policy no. 0021350 to Best that included coverage parts for Business Auto, Commercial Property, Commercial General Liability and Commercial Inland Marine. A true and correct copy of the Commercial General Liability coverage part of the Policy with endorsements applicable to that coverage part ("Policy") is attached as Exhibit 1, with all the terms and conditions therein incorporated by this reference. The policy period for the Policy was from September 1, 2001 to (Continuous) and the Policy was terminated effective September 1, 2002.

8. The Policy excludes coverage for "property damage" to that particular part of real property on which the insured or any contractors or subcontractors working directly or indirectly on the insured's behalf are performing operations, if the "property damage" arises out of those operations. *See* Exhibit 1.

9. The Policy excludes coverage for "property damage" to that particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it unless the "property damage" falls within the scope of the "products-completed operations hazard." *See* Exhibit 1. There is no coverage for "property damage" under the "products-completed operations hazard" unless the insured's work has been completed prior to the expiration of the policy. *See* Exhibit 1.

10. In August of 2001 Best entered into a subcontract with South Bay under which Best installed glass fiber reinforced concrete ("GFRC") panels at a student health services building for Stanford University ("the Project").

11. Best completed its work on the Project after the policy expired on September 1, 2002.

12. On July 29, 2004, Best was sued by South Bay for breach of contract, negligence and other causes of action arising out of Best's work on the Project in *South Bay Construction v. Best Drywall Interiors, Inc., et al.*, Case no. 104CV024110, Superior Court of California, Santa Clara County ("Underlying Action"). In the Underlying Action South Bay alleges that Best's non-workmanlike and negligent performance of its work caused the GFRC to crack, causing South Bay to suffer damages including having to repair and replace defective materials. South Bay alleges consequential damages "in an amount that equals or exceeds, $1,000,000."

13. Best has made a claim under the Policy to INSCORP for defense and indemnity coverage with regard to the Underlying Action.

14. INSCORP is defending Best against the Underlying Action under a full reservation of rights.

15. No affirmative relief is sought against South Bay. It is included in this action so as to bind it to the determinations made herein regarding the existence or nonexistence of coverage under the Policy for claims with regard to the Underlying Action.

16. An actual controversy has arisen and now exists between INSCORP and Best concerning coverage under the Policy regarding the Underlying Action.

**FIRST CLAIM FOR DECLARATORY RELIEF**

17. Paragraphs 1-16 are incorporated in this claim.

18. INSCORP contends that there is no coverage under the Policy regarding the Underlying Action because the Policy excludes coverage for "property damage" to that particular part of real property on which the insured or any contractors or subcontractors working directly or indirectly on the insured's behalf are performing operations, if the "property damage" arises out of those operations. INSCORP contends that the "property damage" alleged in the Underlying Action comes within this exclusion. Best contends that there is coverage under the Policy regarding the Underlying Action because the "property

1  damage" alleged in the Underlying Action does not come within this exclusion.

2      19.    INSCORP is entitled to a declaration that it has no obligation under the Policy to defend, indemnify or provide any coverage to Best regarding the Underlying Action, and that INSCORP is entitled to reimbursement of its defense costs, including attorney fees, paid to defend the Underlying Action, because the "property damage" alleged in the Underlying Action is excluded from coverage.

### SECOND CLAIM FOR DECLARATORY RELIEF

20.    Paragraphs 1-16 are incorporated in this claim.

21.    INSCORP contends that there is no coverage under the Policy regarding the Underlying Action because the Policy requires that in order for there to be coverage regarding the Underlying Action, Best's work on the Project had to be completed prior to the expiration of the policy, which was September 1, 2002. INSCORP contends that Best's work on the Project was completed after that date. Best contends that there is coverage under the Policy regarding the Underlying Action because Best should be deemed to have completed its work on the Project before the Policy expired.

22.    INSCORP is entitled to a declaration that it has no obligation under the Policy to defend, indemnify or provide any coverage to Best regarding the Underlying Action, and that INSCORP is entitled to reimbursement of its defense costs, including attorney fees, paid to defend the Underlying Action, because Best's work on the Project was completed after expiration of the Policy.

### PRAYER

WHEREFORE, INSCORP prays for judgment as follows as to both claims:

1.    For a declaration that it has no obligation under the Policy to defend, indemnify or provide any coverage to Best regarding the Underlying Action, and that it is entitled to reimbursement of its defense costs, including attorney fees, paid to defend the Underlying Action;

2.    For INSCORP's costs of suit incurred herein; and

3. For general relief.

                              Howard Wollitz
                              Allan J. Favish
                              CHARLSTON, REVICH & CHAMBERLIN LLP

By: _____
                              Howard Wollitz
                              Attorneys for Plaintiff
                              The Insurance Corporation of New York

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Howard Wollitz
Allan J. Favish
CHARLSTON, REVICH & CHAMBERLIN LLP

By: _____
Howard Wollitz
Attorneys for Plaintiff
The Insurance Corporation of New York